JOSEPH VALENTI, BY NEXT FRIEND, ET AL., RESPONDENTS, v. MICHAEL BLESSINGTON, APPELLANT.

Submitted July 11, 1921—Decided November 14, 1921.

1. Grounds of appeal alleging error "in refusing to charge as requested by defendant" and "in charging as specified by the exceptions taken to said charge" will not be considered.
2. A licensee upon lands must use reasonable care not to injure other licensees upon the same premises.
3. One licensed to dump garbage and ashes upon vacant property, and accustomed to burn refuse thereon, owes a duty to children also using the property with permission of the owner, to take care that they suffer no injury from fire kindled by him or his servants on the property.

On appeal from the Essex County Circuit Court.

For the appellant, *Arthur B. Seymour.*

For the respondents, *Salvatore Muti.*

The opinion of the court was delivered by

PARKER, J. Joseph Valenti, an infant of seven years, sustained burns from a fire of leaves which was burning on some vacant land in West Orange, which defendant, a public scavenger, was licensed to use as a dumping ground, and which, as the evidence indicates, members of the public used as a short-cut, boys as a playground, and so on. As the jury might find, the fire was started by one Esposito, a laborer, ac-

customed to work on this tract for defendant, and this suit was on the theory that at the time this particular fire was started, Esposito was in the course of his employment as a servant of the defendant. The jury, evidently, so found, and returned a verdict for the infant plaintiff, and a verdict also for his father *per quod.*

There are seven grounds of appeal, but only two are sufficient to raise any question for our determination. Nos. 5, 6 and 7 are that the verdict was against the weight of the evidence, was excessive, and was contrary to the instructions of the court. These are inappropriate to an appeal at law on which only matters of law are considered.

Ground No. 3, is that "the court erred in refusing to charge the jury as requested by defendant;" and No. 4, "that the court erred in charging the jury as specified by the exceptions to said charge taken by defendant's attorney." These "blanket" grounds of appeal, as they may be called, are inadequate to raise any ruling for review. Assignments of error must be specific, and definitely point out a ground of error, or they will not be considered. Cases illustrative of this rule are: *Donnelly* v. *State,* 26 *N. J. L.* 463, 512; *Lutlopp* v. *Heckmann,* 70 *Id.* 272, and *Benz* v. *Central Railroad Co. of New Jersey,* 82 *Id.* 197; *affirmed,* 83 *Id.* 780.

The two grounds properly assigned are that the court refused to nonsuit, and that the court refused to direct a verdict. The motion to nonsuit was held till the evidence was all in, and then denied, as was a motion to direct for the defendant. Both rested on the same reasons—first, that there was no evidence that Esposito was acting as defendant's servant when he started the fire. On this point the testimony is contradictory, but there was enough, as we read it, especially that of Evans, to make this a jury question. Second, that defendant owed plaintiff no duty; but it is settled in this court that a licensee upon lands must use reasonable care not to injure other licensees on the same premises. *Duel* v. *Mansfield Plumbing Co.,* 86 *N. J. L.* 582, and cases cited. Third, that plaintiff was a trespasser. This, at least, was a question for the jury. Fourth, that defendant's duty of care, if any

existed, did not charge him with an obligation to notice that children used the ground and to look out for fires that might be started thereon. Cases like *Davenport* v. *McClellan*, 88 *Id.* 653, and *Piraccini* v. *Director General*, 95 *Id.* 114, especially the latter, intimate plainly a duty to guard fire as a dangerous agency.

The nonsuit and direction were properly denied. Contributory negligence was not invoked, and properly not, in view of the tender years of the plaintiff. *David* v. *West Jersey and Seashore Railroad Co.*, 84 *N. J. L.* 685.

The judgment will be affirmed.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER, ACKERSON, VAN BUSKIRK, JJ. 15.

*For reversal*—None.